**STATE OF FLORIDA, ex rel., JOSEPH P. HINCHEY v. WALTER R. CLARK, Sheriff of Broward County, Florida.**

32 So. (2nd) 324                              June Term, 1947
October 31, 1947                          Special Division B

*Davis & Lockhart* and *J. Lewis Hall,* for appellant.

*J. Tom Watson,* Attorney General, and *Sumter Leitner,* Assistant Attorney General, for appellee.

BARNS, J.:

This is an appeal from a judgment of remand in habeas corpus proceedings.

On March 14th, 1947, the original petition for a writ of habeas corpus was filed wherein petitioner represented that he was unlawfully restrained of his liberty by the Sheriff because of a warrant issued by authorities in Massachusetts, when petition among other things, raised a question of identity.

On the same day (3-14-47) a writ of habeas corpus was issued to the Sheriff returnable March 29, 1947, on which day the petitioner amended his petition alleging:

"That since the filing of his original petition a fugitive warrant issued by Boyd H. Anderson, County Judge, in which it is alleged that Joseph P. Hinchey was there and then unlawfully a fugitive from the Superior Court of the City of Boston and the County of Suffolk and the State of Massachussetts upon a charge of failing to provide for the support of his wife and minor children in the State of Massachusetts which warrant was issued upon the affidavit of Monty F. Smith; Petitioner is informed that the *warrant of extradition* issued by the Honorable Millard Caldwell, Governor of Florida, was delivered to the respondent, Walter R. Clark, Sheriff of Broward County on the 28th day of March 1947; . . . "— and denying petitioner to be a "fugitive from justice."

The Sheriff's return to the writ was:

"That he holds the body of the said Joseph P. Hinchey, the above named Petitioner, under and by virtue of and *Executive Warrant* issued by Honorable Millard F. Caldwell, Governor of Florida, to be delivered to one Coleman S. Joyce, duly authorized and empowered to receive and convey the said Joseph P. Hinchey, to the State of Massachusetts, as in said Warrant authorized; and said Respondent further says

that he is without knowledge as to the allegations alleged and set forth in the Second Count of the Amendment to Petition for Writ of Habeas Corpus, and prays the further direction of the Court with reference thereon."

On April 3rd, 1947, the petitioner filed what he termed an "answer" to the return of the Sheriff which answer stated affirmative matter relevant to guilt under the Massachusetts indictment and relevant to whether or not the Governor of Florida should have isued a warrant for extradition to the State of Massachusetts which "answer" contained a demurrer to the return as follows:

"(2) That no executive warrant issued by the Honorable Millard F. Caldwell, Governor of Florida, is *filed* as an exhibit to said return. . . . "

On April 3rd, 1947, when the matter came on for final hearing the Honorable Louis F. Maire as Assistant State Attorney speaking for the respondent, Sheriff, in support of the sufficiency of the respondent Sheriff's "return" stated to that Judge that:

"(2) With respect to ground 2 that no executive warrant issued by the Hon. Millard F. Caldwell, Governor of Florida, is filed as an exhibit to said return, because the warrant issued by the Governor of Florida is at present before the Court and will be shown to the Court and for the further reason that the State of Florida delivered the original executive warrant to counsel for petitioner yesterday and they were fully informed as to the contents of the executive warrant, issued by the Governor, which is a matter of evidence, and therefore should not have been pleaded in the return by the respondent."—and counsel for petitioner-appellant in argument before the trial judge in reply stated:

"And we propose to show to this Court by proof there that for a long time after October 5th,—he left there September 6th,—that sometime after October 1st, that he had not failed to provide.

"Therefore he is not a fugitive from justice and we can go that far to overcome the prima facie of the *executive warrant,* and I think we are limited to that, and that is what we propose to do."—also:

" . . . Now the Governor's warrant is only prima facie, and that is what we purport to show that he is not a fugitive from justice, and it is a pre-requisite and a proper inquiry by this Court to determine whether or not he is a fugitive from justice; that is, was in the State of Massachusetts when he was delinquent and thereafter fled from it, *and the Governor's warrant* is only prima facie."—also:

"Our insistence is that the *Governor's warrant* is only prima facie and we are seeking to overcome that."

The hearing before the trial judge was most informal and mostly directed toward matters of law. No evidence of any kind was offered or requested except that petitioner proffered certain proof relevant to petitioner's presence in Florida and absence from Massachusetts; and other proffers relevant to the petitioner's innocence of the crime with which he was charged.

Appellant now contends that the judgment of remand should be reversed because the Governor's warrant for extradition was not *filed* before the trial judge—suffice it to state that appellant *filed* no assignment of error for making up of the record making any such complaint against the trial judge.

The offense charged in the indictment was dated as of the 5th day of September 1946, and counsel for petitioner admitted before the trial court that petitioner was within the State of Massachusetts on September 5th and 6th [1946].

When the indictment is considered together with the admission and the assignments of error going to the refusal of the proffered evidence, we are unable to conclude that the record shows error.

The judgment is affirmed.

THOMAS, C. J., BUFORD and SEBRING, JJ., concur.